UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jeffrey Fellman, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Target Corporation, a Minnesota corporation, and Target Stores, Inc., a Minnesota corporation,<br><br>　　　　　　　Defendants. | Civil No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

---

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants Target Corporation and Target Stores, Inc. file this Notice of Removal of this cause from the Hennepin County District Court in the State of Minnesota. In support of this Notice of Removal, Defendants state as follows:

## INTRODUCTION

1.　A defendant has a right of removal where an action is brought in a state court over which the district court has original jurisdiction.

2.　As more fully set forth below, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because there is minimal diversity of citizenship, the proposed nation-wide class exceeds 100 persons, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

3. On May 30, 2017, Plaintiff filed a civil lawsuit against Target Corporation and Target Stores, Inc. (together hereinafter referred to as "Target") in Hennepin County District Court in the State of Minnesota. *See Fellman v. Target Corp.*, No. 27-CV-17-8295 (Hennepin Cnty. Dist. Ct.). A copy of Plaintiff's Class Action Complaint (the "Complaint") is attached hereto as **Exhibit 1**.

4. On June 1, 2017, Target was served with a Summons and Complaint. Because Target has filed this Notice of Removal within 30 days of June 1, 2017, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

5. As required by 28 U.S.C. § 1446(a), copies of all other "process, pleadings, and orders" from the Hennepin County District Court are attached as **Exhibits 2 through 7**. No previous application for removal has been made and as of the time of filing this notice, the state court has not certified a class. The only order issued by the state court was to extend the deadline for Target to answer or otherwise respond until July 21, 2017 (*see* Exhibit 7), pursuant to the parties' stipulation (*see* Exhibit 6).

6. Written notice of this filing is concurrently being given to all adverse parties as required by law. As required by 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal—attached hereto as **Exhibit 8**—and a copy of this Notice of Removal are concurrently being filed with the Clerk of the Hennepin County District Court.

7. Venue is proper in this district because the Hennepin County District Court is within the District of Minnesota.

8. In his Complaint, Plaintiff alleges that Target "falsely advertised, marketed, and misrepresented the characteristics, qualities, attributes, and performance abilities of

its pleather Furniture . . . ." (*See* Ex. 1, ¶ 1) Plaintiff also alleges that he purchased such furniture based on Defendants' false "marketing, advertising, representations, conversations with employees, and affirmations," and that he has "suffered damages as a result of purchasing the inferior and underperforming Furniture." (*Id.* ¶ 2)

9. Plaintiff seeks to represent a class consisting of

> All persons or entities located or residing in the United States that purchased or owned pleather Furniture sold by Defendants from January 1, 2009 to the present. Excluded from the Class are Defendants, any entity in which Defendants have or had a controlling interest, or which has a controlling interest in Defendants, Defendants' affiliates, officers, directors, employees, legal representatives, and successors, and the Judges or Justices assigned to this case.

(*Id.* ¶ 41)

10. Alternatively, or in addition, Plaintiff seeks to represent a class consisting of

> All persons or entities located or residing in Florida that purchased or owned pleather Furniture sold by Defendants from January 1, 2009 to the present. Excluded from the Class are Defendants, any entity in which Defendants have or had a controlling interest, or which has a controlling interest in Defendants, Defendants' affiliates, officers, directors, employees, legal representatives, and successors, and. the Judges or Justices assigned to this case.

(*Id.* ¶ 42)

11. Plaintiff alleges that "there are thousands of members of the Proposed Class" collectively defined in paragraphs 41 and 42 of the Complaint, and that joinder is impracticable. (*Id.* ¶ 44)

12. Plaintiff seeks—on behalf of himself and the Proposed Class members—compensatory and all other damages allowed by law, along with costs and disbursements including reasonable attorneys' fees. (*Id.* at 28-29, Prayer for Relief)

13. Plaintiff's Complaint is a "class action" within the meaning of CAFA because it was filed pursuant to Federal Rule of Civil Procedure 23, which authorizes an action to be brought by one or more representative persons as a class action. (*See id.* ¶¶ 41 & 42; *see also* 28 U.S.C. §§ 1332(d)(1)(B))

14. This Notice of Removal meets all necessary procedural requirements for removing putative class actions pursuant to CAFA.

## THERE EXISTS DIVERSITY OF CITIZENSHIP

15. For purposes of diversity jurisdiction and removal under 28 U.S.C. § 1332(d)(2)(A), minimal diversity of citizenship is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

16. When determining diversity jurisdiction, a business organized as a corporation is "deemed to be a citizen of any State by which it has been incorporated" and also a citizen "of the State where it has its principal place of business." *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 306 (2006) (quoting 28 U.S.C. § 1332(c)(1)).

17. As alleged in the Complaint, Target Corporation and Target Stores, Inc. are each Minnesota corporations with their principal place of business in Minnesota. (*See* Ex. 1, ¶¶ 6 & 7) Thus, for purposes of diversity, Target Corporation and Target Stores, Inc. are citizens of Minnesota.

18.     As alleged in his Complaint, Plaintiff Jeffrey Fellman is a citizen and resident of the State of Florida. (*See id.* ¶ 5)

19.     This lawsuit satisfies CAFA's minimal diversity requirement because at least one putative class member is a citizen of the State of Florida and the Target Defendants are citizens of the State of Minnesota.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

20.     "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, --- U.S. ----, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

21.     Pursuant to 28 U.S.C. § 1332(d)(6), the claims of the individual class members can be aggregated to satisfy the $5,000,000 in controversy requirement.

22.     In his Complaint, Plaintiff expressly alleges that he and the Proposed Class are entitled to damages in excess of $5,000,000. (*See* Ex. 1, ¶ 120)

23.     Target does not dispute that the compensatory and other damages, costs and disbursements, and attorneys' fees sought by Plaintiff on behalf of himself and the Proposed Class exceed $5,000,000.

24.     Thus, this Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332 (d)(2) because the alleged amount in controversy, exclusive of interest

and costs, exceeds the sum or value of $5,000,000, and is between citizens of different states.

## THE PROPOSED CLASS CONSISTS OF MORE THAN 100 MEMBERS

25.     For a class action to be removable under CAFA, the proposed class must consist of 100 or more persons. *See* 28 U.S.C. § 1332(d)(5)(B); 28 U.S.C. § 1711 ("class members" means "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

26.     Plaintiff has alleged that "there are thousands of members in the Proposed Class." (Ex. 1, ¶ 44) Target does not dispute that thousands of consumers residing in various states—including both Minnesota and Florida—have purchased the products at issue. Thus, the proposed class has more than the minimum 100 members needed for CAFA to apply.

## THERE IS NO APPLICABLE EXCEPTION TO JURISDICTION

27.     Because Target has established this Court's jurisdiction under 28 U.S.C. § 1332(d)(2), the burden falls on Plaintiff to prove one of the exceptions to jurisdiction under subsections (d)(3) or (4) to defeat jurisdiction.

28.     Here, no exception applies to defeat jurisdiction.

## NO WAIVER REGARDING CLASS TREATMENT OR DAMAGES

29.     Target denies allegations that this case should be certified as a class action and expressly reserves the right to oppose any motion for class certification filed in this action. Target further expressly denies that Plaintiff or the Proposed Class is entitled to any recovery. Plaintiff has not properly alleged nor could he prove, among other things,

deception, unfairness, or reliance, or that he suffered any cognizable injury in fact, pecuniary loss or actual damage. By asserting arguments regarding the possible aggregate recovery for purposes of removal, Target does not waive or concede any defense, legal or equitable, concerning Plaintiff's claims, including whether class certification is appropriate or damages allowable.

**WHEREFORE**, Defendants Target Corporation and Target Stores, Inc. give notice that the matter styled *Fellman v. Target Corporation*, No. 27-CV-17-8295 (Hennepin Cnty. Dist. Ct.) and filed with the Hennepin County District Court is removed to the U.S. District Court for the District of Minnesota, and request that this Court retain jurisdiction for all further proceedings. In the event the Court considers remand *sua sponte*, Target respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

Dated: June 26, 2017

*/s/ Emily E. Chow*
Michael A. Ponto, #0203944
Emily E. Chow, #0388239
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: 612-766-7000
Facsimile: 612-766-1600
Email: michael.ponto@faegrebd.com
Email: emily.chow@faegrebd.com

*Attorneys for Defendants
Target Corporation
and Target Stores, Inc.*